**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HARRY BOWMAN,

    Petitioner,

v.                                              Case No. 8:09-CV-667-T-30TGW
                                                        Crim Case No. 8:97-CR-333-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This matter is before the Court for consideration of Petitioner's "Federal Question/Federal Complaint" (CV Dkt. 1) in which Petitioner asks the Court to reverse his July 27, 2001 convictions (See CR Dkt. 110). Typically, a federal prisoner must collaterally attack the validity of a federal conviction or sentence through a motion under 28 U.S.C. § 2255. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005)(per curiam). Accordingly, the Court construes Petitioner's "Federal Question/Federal Complaint" (CV Dkt. 1) as a motion to vacate, set aside, or correct an allegedly illegal sentence filed pursuant to 28 U.S.C. § 2255.

A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States. 28 U.S.C. § 2255 ¶ 2.

Following a jury trial, Petitioner was found guilty of multiple charges (CR Dkt. 94). Petitioner was sentenced on July 27, 2001, to serve life in prison (CR Dkt. 109). The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentences on August 20, 2002 (CR

Dkt. 142). Petitioner's request for collateral relief pursuant to 28 U.S.C. § 2255 was denied on September 18, 2007 (CR Dkt. 148). *See Bowman v. United States*, Case No. 8:07-CV-466-T-30TGW (M.D. Fla. 2007).

"[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255. *See* 28 U.S.C. §2244(b)(3)(A). Because Petitioner has previously sought collateral relief pursuant to § 2255 and he has not demonstrated that he has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain the instant § 2255 motion. This case will, therefore, be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's "Federal Question/Federal Complaint" (CV Dkt. 1) which the Court construes as a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255, is **DISMISSED** without prejudice (CV Dkt. 1).

2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

3. The **Clerk** shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 13, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copies furnished to</u>:
All Parties/Counsel of Record